UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
DONNA MARIE CLEMENT,　　　　　　　　　　**MEMORANDUM AND ORDER**
　　　　　　　　　　　　　　　　　　　　　　　15-CV-6223 (RRM) (SMG)
　　　　　　Plaintiff,

　　　　-against-

HENRY STREET SETTLEMENT OFFICE OF
MENTAL HEALTH,

　　　　　　Defendant.
----------------------------------------------------------x
ROSLYNN R. MAUSKOPF, United States District Judge.

　　　　On October 27, 2015, plaintiff Donna Marie Clement, proceeding *pro se*, filed the instant action, alleging that defendant Henry Street Settlement Office of Mental Health ("Henry Street") failed to return Clement's belongings and forced her to sign herself into Coney Island Hospital for psychiatric inpatient services. (Compl. (Doc. No. 1) at 3.)[1] Clement's request to proceed *in forma pauperis* is granted solely for the purpose of the instant Order. For the reasons set forth below, Clement's complaint is dismissed without prejudice.

**STANDARD OF REVIEW**

　　　　Under 28 U.S.C. § 1915, a district court shall dismiss an *in forma pauperis* action if it determines that the action (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). An action is "frivolous" when either: "(1) the factual contentions are clearly baseless, such as when allegations are the product of delusion or fantasy; or (2) the claim is based on an indisputably meritless legal theory." *Livingston v. Adirondack Beverage Co.*, 141

---

[1] Citations to court documents utilize ECF pagination for ease of reference.

F.3d 434, 437 (2d Cir. 1998) (internal quotation marks omitted).

When a party is proceeding *pro se*, the Court is required to read the pleadings liberally and hold them to a less stringent standard than formal pleadings drafted by lawyers. *See Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 191–93 (2d Cir. 2008) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). However, even a *pro se* complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Id.* The Federal Rules of Civil Procedure do not require "detailed factual allegations," but demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* As the Supreme Court has stated: "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

## DISCUSSION

Clement's complaint alleges that Henry Street failed to return her belongings. (Compl. at 3.) She further avers that Henry Street "forced" her to sign herself into Coney Island Hospital for inpatient psychiatric care. (*Id.*) Clement seeks "restitution and justice." (*Id.*)

1. **Subject Matter Jurisdiction**

Clement has not alleged a claim over which this Court has subject matter jurisdiction. Lack of subject matter jurisdiction cannot be waived and may be raised at any time by a party or

2

by the Court *sua sponte*. *See Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011) ("[F]ederal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction, and therefore they must raise and decide jurisdictional questions that the parties either overlook or elect not to press."). If a court lacks subject matter jurisdiction, it must dismiss the action. Fed. R. Civ. P. 12(h)(3); *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006); *Durant, Nichols, Houston, Hodgson & Cortese–Costa, P.C. v. Dupont*, 565 F.3d 56, 62–63 (2d Cir. 2009).

The basic statutory grants of subject matter jurisdiction are contained in 28 U.S.C. §§ 1331 and 1332. "Federal subject matter jurisdiction exists only where the action presents a federal question pursuant to 28 U.S.C. § 1331[,] or where there is diversity jurisdiction pursuant to 28 U.S.C. § 1332." *Moore v. Angiuli & Gentile, LLP*, No. 12-CV-2966, 2012 WL 3288747, at *2 (E.D.N.Y. Aug. 9, 2012). "The party invoking federal jurisdiction bears the burden of establishing that jurisdiction exists." *Conyers v. Rossides*, 558 F.3d 137, 143 (2d Cir. 2009) (quoting *Sharkey v. Quarantillo*, 541 F.3d 75, 82 (2d Cir. 2008)) (internal quotation marks omitted).

Here, diversity of citizenship is clearly lacking as Clement resides in Brooklyn and Henry Street is deemed to reside in Manhattan. (Compl. at 1.) Moreover, even granting the complaint the liberal construction allowed a *pro se* plaintiff, it does not present a federal question. "A plaintiff properly invokes § 1331 jurisdiction when she pleads a colorable claim 'arising under' the Constitution or laws of the United States." *Arbaugh*, 546 U.S. at 513 (citing *Bell v. Hood*, 327 U.S. 678, 681–85 (1946)). Clement has not raised any issue arising under federal law or any other basis for this Court's subject matter jurisdiction.

Whereas ordinarily the Court would allow Clement an opportunity to amend her complaint,

it need not afford that opportunity here where it is clear from Clement's submission that she cannot establish a basis for this Court's subject matter jurisdiction. *Cuoco*, 222 F.3d at 112. Therefore, any attempt to amend the complaint would be futile. *See Ashmore v. Prus,* 510 F. App'x 47, 49 (2d Cir. 2013) (leave to amend is futile where barriers to relief cannot be surmounted by reframing the complaint).

## CONCLUSION

Accordingly, Clement's complaint is dismissed for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3); 28 U.S.C. § 1915(e)(2)(B). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk of Court is directed to enter judgment, mail a copy of this Order to Clement at the address listed for her on the docket, note the mailing on the docket, and close the case.

SO ORDERED.

*Roslynn R. Mauskopf*

_____
ROSLYNN R. MAUSKOPF
United States District Judge

Dated: Brooklyn, New York
　　　　May 27, 2016